F

100 EAST PRATT STREET
BALTIMORE MARYLAND 21202
410/752-9700
FAX 410/727-5460

WASHINGTON DC OFFICE
202/296-1642
FAX 202/828-4130

www.tydingslaw.com

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

ROBERT A. GORDON
410/752-9749
rgordon@tydingslaw.com

December 11, 2003

Glenn K. Garnes, Esquire
The Law Offices of Garnes, Smith & Gardner
7676 New Hampshire Avenue, Suite 418
Hyattsville, Maryland  20783-4735

   Re: **Industrial Bank, N.A. v. Nexgen Solutions, Inc.**
      **Case No:  214185**

Dear Mr. Garnes:

   With reference to the above, the Industrial Bank, N.A. (the "Bank") is both a secured and judgment creditor of Nexgen Solutions, Inc. ("Nexgen"), with a lien against all of Nexgen's assets.   To refresh your recollection, I enclose herewith copies of the September 20, 2000 Interim Forbearance Agreement between the Bank, Mr. Howlette and Nexgen, the April 10th 2001 modification and extension agreement of the September 20th agreement and the March 4, 2003 modification and extension agreement of both prior agreements.

   As you may know, Mr. Howlette recently filed personal bankruptcy in the United States Bankruptcy Court for the District of Maryland at Case No. 03-60757 JS.  As a result, the Bank has become very concerned about the status of Nexgen and its collateral. The Bank has also learned that the Small Business Administration ("SBA"), Nexgen's contracting party, has terminated Nexgen's contract due to convenience.  Moreover, we understand that Nexgen believes that action was wrongful and intends to litigate the validity of the SBA's attempted termination.

   Accordingly, I write to put Nexgen on notice that the Bank does intend to continue to assert and enforce its lien against Nexgen's assets and the proceeds thereof. In that regard, and pursuant to the terms of the security agreement between the Bank and Nexgen, please have Nexgen provide me with all information (including documents) relevant to its claims against the SBA and, moreover, any damages it believes it has suffered as a result of the SBA's action.

#363386v.1



EXHIBIT
1

ATTORNEYS AT LAW

TYDINGS & ROSENBERG LLP

Glenn K. Garnes, Esquire
December 11, 2003
Page 2

Moreover, the Bank's lien extends to any and all intellectual property titled to Nexgen, including its proprietary software and the licensing thereof. Accordingly, the Bank hereby demands that Nexgen immediately make available to it any and all information related to and concerning the operation, use and ownership of said software and intellectual property including source and object codes and all documentation related to the same in electronic and written form and in machine readable language.

Furthermore, please provide me with any and all financial records relating to or concerning Nexgen's accounts receivable including detailed information regarding its customers and amounts owed.

Finally, I am also forwarding a copy of this letter to Mr. Howlette's personal bankruptcy attorney, in the event you no longer represent Nexgen. We would like to meet with Mr. Howlette and counsel to review Nexgen's status and would appreciate the favor of a reply within ten (10) days of the date of this letter. Thank you. I am,

Very truly yours,

Robert A. Gordon

cc:    John Gamble (via facsimile)
       Jeffrey Sherman, Esquire (via facsimile)

#363386v.1

## IN THE MATTER OF NEXGEN SOLUTIONS, INC.
## AND THE UNITED STATES

### SETTLEMENT AGREEMENT

For the purpose of disposing of any pending or potential claims of NEXGEN Solutions, Inc., its principals, parents, affiliates and subsidiaries, and any other related entities or individuals (collectively "NEXGEN"), or the United States arising out of or related to contracts SBAHQ-01-C-001 and SBAHQ-02-D-001 between NEXGEN Solutions, Inc., and the United States Small Business Administration ("SBA"), without any judicial or administrative proceedings, and without there being any trial or adjudication of any issue of law or fact, and without constituting an admission of liability on the part of any party, and for no other purpose, NEXGEN and the United States (the "parties") stipulate and agree as follows:

### DEFINITIONS

A. For purposes of this Settlement Agreement (the "Agreement"), the term "NEXGEN" shall include NEXGEN Solutions, Inc., all of its subsidiaries, parents, affiliates (including, but not limited to, NEXGEN Commerce, Inc., and/or any other corporation owned and controlled by Edward Howlette, Jr.), and each of their respective past, present, and future shareholders, owners, directors, officers, employees, partners, agents, attorneys, predecessors and successors in interest, legal representatives, and assigns, both in their official capacities

EXHIBIT 2

ALL-STATE LEGAL®

and individually.

B.   For purposes of this Agreement, the term "United States" shall include all of its agencies and departments, including the SBA, and any officials, employees, agents, representatives, and attorneys acting on their behalf.

C.   For purposes of this Agreement, the term "Small Business Registrants" shall include the small business entities that registered and paid for the SBA Exchange Program, as well as their principals, owners, employees and agents.   The Small Business Registrants are listed in Attachment A, appended hereto, along with the amount of registration fees they paid.

**TERMS**

1.   On October 19, 2000, SBA entered into contract number SBAHQ-01-C-001 with NEXGEN Solutions, Inc. ("the first contract") pursuant to SBA's Business Development (8(a)) Program to develop an e-commerce marketplace known as "SBA Exchange" (or "SBA Exchange Program").

2.   On September 30, 2002, SBA entered into contract number SBAHQ-02-D-001 with NEXGEN Solutions, Inc. ("the second contract") under which task orders would be issued and NEXGEN Solutions, Inc. would "furnish customized services for SBA Exchange."

3.   On or about August 28, 2003, SBA advised NEXGEN Solutions, Inc. that it planned to terminate the first and second

2

contracts for the convenience of the Government.

4. On September 4, 2003, NEXGEN submitted a "Termination for Convenience Settlement Proposal, Stop Work Order Adjustment and Request for Equitable Adjustment of NEXGEN Solutions, Inc. Pursuant to Contract No. SBAHQ-01-C-001."

5. On October 22, 2003, NEXGEN submitted a revised "Termination for Convenience Settlement Proposal, Claim, Stop Work Order Adjustment and Request for Equitable Adjustment of NEXGEN Solutions, Inc. Pursuant to Contract Nos. SBAHQ-01-C-001 and SBAHQ-02-D-001."

6. On December 11, 2003, SBA terminated the first and second contracts for the convenience of the Government.

7. The parties subsequently entered into negotiations designed to resolve amicably any and all claims NEXGEN has or may have against the United States under or related to the first and second contracts.

8. NEXGEN has offered to settle its claims for payment by the United States in the amount of $2,900,000; of which $2,300,000 is to be paid as soon as possible to NEXGEN (c/o its attorneys, Holland & Knight, LLP); and $600,000 is to be held by the United States for the purpose of reimbursing the Small Business Registrants, as described in paragraphs 10 and 11, below, with any balance remaining from the $600,000 remitted to NEXGEN in accordance with paragraph 11d, following payments to

3

the Small Business Registrants listed in Attachment A to this Agreement that have made or may make claims against SBA for refund of their fees.  This payment is inclusive of interest, with each party to bear its own costs, attorney fees and expenses.

9.  NEXGEN's offer has been accepted on behalf of the Attorney General.

10. a.  At the time of execution of this Agreement, NEXGEN agrees to furnish to SBA the following information with respect to each and every Small Business Registrant listed on Attachment A:

(1) the company name;

(2) the contract with the Small Business Registrant and the amount paid;

(3) the amount, if any, refunded by NEXGEN or from any other source;

(4) the name of a point of contact, if any;

(5) the business address, telephone number and e-mail address (if any); and

(6) any additional information in its possession that will assist SBA in identifying and contacting each and every Small Business Registrant.

b.  NEXGEN and Edward Howlette, Jr. hereby warrant and represent that to the best of their knowledge, the information in

4

subparagraph 10a is true and correct and that Attachment A
contains each and every Small Business Registrant that paid
registration or other fees to NEXGEN to participate in SBA
Exchange.

  c. NEXGEN agrees to undertake all reasonable efforts
to assist SBA in identifying and locating the Small Business
Registrants, resolving any issues concerning the amount and
nature of fees paid by and/or refunded to such Small Business
Registrants, and distributing the funds in exchange for the Small
Business Registrant's release of claims referred to in paragraphs
8 and 11b.

  11. The United States agrees to take the following actions:

  a. Counsel for the Department of Justice will refer
the matter to the Department of the Treasury for payment pursuant
to the Judgment Fund, 28 U.S.C. § 2414, in the amount of
$2,300,000. The United States will request that payment be made
to counsel for NEXGEN, Gerry Sikorski, Esq., Holland & Knight,
LLP, in the manner identified by NEXGEN Solutions, Inc. and/or
Mr. Sikorski.

  b. Upon receipt of the information identified in
paragraph 10a, above, the appropriate official(s) within SBA will
make best efforts to identify and locate the Small Business
Registrants identified in Attachment A; provide these Registrants
with a claim form and notice of the deadline for filing their

claims for refund of the registration fees paid to NEXGEN (minus any reimbursement of these fees in whole or part from any source whatsoever)., which payment will be conditioned on the release by the Small Business Registrant of any and all claims the Small Business Registrant may have against NEXGEN and/or SBA and the United States, as a result of having registered to participate in SBA Exchange and its agreement with NEXGEN; and to establish and implement the procedures for refunding such fees to the appropriate Registrants and execution of the release. Nothing herein shall be construed as an admission by NEXGEN or the United States that any Small Business Registrant is entitled to a refund of money or that any Small Business Registrant has a valid claim against the United States or NEXGEN. SBA will have the sole discretion in determining the amount to be refunded to each of the Registrants. The United States will refer the approved claims of the Small Business Registrants to the Department of the Treasury for payment pursuant to the Judgment Fund, 28 U.S.C. § 2414, in the amount determined by SBA, for each Small Business Registrant that has agreed to accept such amount in exchange for the release of any and all claims that the Registrant may have against NEXGEN and/or SBA and the United States as a result of having registered to participate in SBA Exchange and its agreement with NEXGEN.

     c. If the $600,000 identified in paragraphs 8 and 11b,

6

above, is not sufficient to reimburse fully all Small Business Registrants that file a timely claim and release, SBA shall have the sole discretion to determine the amount each Registrant shall receive.  NEXGEN will not be required to provide any additional funds for this purpose.

d.  If any part of the $600,000 to be distributed to Small Business Registrants following the expiration of the claim period is not expended to reimburse fully all the Small Business Registrants, the remaining amount shall be paid to NEXGEN Solutions, Inc., c/o its attorneys, Holland & Knight, LLP.  In the event of an unresolved dispute with a Small Business Registrant, the United States may hold back from the payment to NEXGEN a reasonable amount sufficient to resolve the dispute.

12.  Upon satisfaction of the terms set forth in paragraphs 10 and 11, above, NEXGEN releases, waives, and abandons all claims against the United States, its political subdivisions (including but not limited to SBA), its officers, agents, and employees, both in their official capacities and individually, arising out of or related to the first and second contracts, the SBA Exchange Program, and NEXGEN's agreements with the Small Business Registrants, regardless of whether they were included in the termination for convenience and claim proposals, including but not limited to any claims for defamation, costs, expenses, interest, attorney fees, compensatory damages, and exemplary

7

damages.

13. Upon satisfaction of the terms set forth in paragraphs 10 and 11, above, the United States releases, waives, and abandons any and all potential claims which it may have against NEXGEN, except fraud, arising out of or related to the first and second contracts and the SBA Exchange Program, including but not limited to any claims for defamation, costs, expenses, interest, attorney fees, compensatory damages, and exemplary damages.

14. This Agreement is in no way related to or concerned with income or other taxes for which NEXGEN is now liable or may become liable in the future as a result of this Agreement.

15. NEXGEN warrants and represents that no other action, alternative dispute resolution proceeding, or suit arising out of or related to the claims advanced in its termination for convenience proposals and claims, the first and second contracts, the SBA Exchange Program, and/or its agreements with the Small Business Registrants against the United States is pending or will be filed in or submitted to any court, administrative agency, legislative body, or any other legal proceeding. NEXGEN further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to any such claims. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this Agreement shall

8

be refunded promptly by NEXGEN, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes payment.

16.    This Agreement is for the purpose of settling any and all pending or potential claims arising out of or related to the first and second contracts, the SBA Exchange Program, as well as the claims of the Small Business Registrants as described in paragraphs 10 and 11, above, and for no other purpose. Accordingly, this Agreement shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature (including dispute resolution proceedings), in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this Agreement.

17.    All persons signing this Agreement represent that they are authorized to enter into this Agreement on behalf of the entity for which they sign.

18.    This document constitutes a complete integration of the agreement between NEXGEN and the United States and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

    **AGREED TO:**

                                        PETER D. KEISLER
                                        Assistant Attorney General

DAVID M. COHEN
Director
Authorized Representative of
the Attorney General

KATHRYN A. BLEECKER
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn:  Classification Unit
       8th floor
1100 L Street, N.W.
Washington, D.C.    20530

Attorneys for the
United States

Dated: _11/12/04_

EDWARD HOWLETTE, JR.
Individually and as President
of NEXGEN Solutions, Inc.

Dated:

HOLLAND & KNIGHT, LLP

By: PAUL KIERNAN
Suite 100
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Attorneys for NEXGEN

Dated: _11/15/04_

10

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

MERITAS LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

ROBERT A. GORDON
410.752.9749
rgordon@tydingslaw.com

January 19, 2005

**VIA FACSIMILE: (202) 318-0341**

Glenn K. Garnes, Esquire
12404 Radnor Lane
Laurel, MD 20708

Re:    **Industrial Bank, N.A. v. Nexgen Solutions, Inc.**
       **Case No: 214185/SBA Settlement**

Dear Mr. Garnes:

With reference to the above, we recently received information from an anonymous source indicating that Mr. Howlette and/or Nexgen Solutions, Inc. ("Nexgen") had received a multi-million dollar settlement of Nexgen's contract termination claims against the U.S. Small Business Administration ("SBA"). Mr. Gamble contacted Mr. Howlette yesterday and he confirmed that Nexgen had received a large settlement and, moreover, that the proceeds of the settlement were used to fund payment of the Bank's claim in the approximate amount of $76,000. While that claim was paid in full, the Bank's second claim in the approximate amount of $250,000 remains unpaid and in default.

While we were told about Nexgen's claims against the SBA approximately one year ago, we were also told there was virtually no potential for actual recovery. Moreover, on each occasion that we have met since learning of that claim, Mr. Howlette has consistently devalued it. Finally, Mr. Howlette did not disclose the SBA settlement to Mr. Gamble nor did he reveal that it was the source of funding for the recent payment to the Bank.

The money received from the SBA by Nexgen was subject to the Bank's lien and security interest. Any distribution of that money before the Bank's claims were paid in full was in derogation of the Bank's lien and, moreover, may have constituted fraud. Please take this as notice of the Bank's intention to use every means available to recover the money distributed to the extent necessary to pay the Bank's remaining claim in full.

#453275v.1

EXHIBIT
3

ATTORNEYS AT LAW

TYDINGS & ROSENBERG LLP

Glenn K. Garnes, Esquire
January 19, 2005
Page 2

The Bank would like a full accounting of all money received as a result of the settlement including all documents related to the receipt and disbursement of the settlement fund by Nexgen and Mr. Howlette. This includes all documents that memorialize the settlement and all bank records related to receipt and disbursement of the settlement fund.

Moreover, the Bank would like to meet with Mr. Howlette immediately to review the matter and decide upon an immediate course of action to remedy the injury to the Bank. Please have Mr. Howlette provide Mr. Gamble with the requested documents by close of business on Friday, January 21, 2005. Please contact me when you receive this letter to schedule a meeting at the Bank's offices. Thank you. I am,

Very truly yours,

Robert A. Gordon

cc:    John Gamble (via facsimile)

#453275v.1

*Law Offices*

# Richard G. Solomon

| | | |
|---|---|---|
| *8150 Leesburg Pike* | *Admitted:* | *15245 Shady Grove Road* |
| *Suite 355* | *Virginia* | *Suite 355* |
| *Vienna, Virginia 22182* | *Maryland* | *Rockville, Maryland 2085-* |
| *(703) 734-8830 fax (703) 734-8832* | *District of Columbia* | *(301) 548-9240 fax (301) 548-9241* |
| | *Pennsylvania* | |
| | *West Virginia* | richardsolomon@msn.com |

February 7, 2005

VIA FACSIMILE (410) 727-5460
AND OVERNIGHT MAIL

Robert Gordon, Esq.
Tydings & Rosenberg, LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202

> Re:   <u>Industrial Bank v. Nexgen Solutions</u>

Dear Robert:

This letter is a follow-up to our meeting of February 1. 2005 in connection with the above-referenced matter.

My client and I have reviewed the financial status of the SBA settlement and would like to propose the following resolution. As of today, the SBA retains well over $300,000.00 that will be paid to my client within the next 60 days. As such, my client would propose an immediate cash payment of $50,000.00 and an assignment of the SBA retained proceeds for an amount that would pay Industrial Bank in full.

In the event that additional claims made against the SBA retained proceeds reduce the amount sufficient to pay your claim in full, we would ascertain the amuount then due and propose how my client will satisfy that amount.

We hope that this will satisfy your desire to be paid. Please contact me if you have any questions or comments.

Sincerely,

*Richard G. Solomon*

Richard G. Solomon
**Dictated but not read.**

cc:   Edward Howlette



# INSTRUMENT OF ASSIGNMENT OF GOVERNMENT CONTRACTS

WHEREAS, NEXGEN SOLUTIONS, INC., has entered into the contracts described below (singly and collectively, the "Contracts"), and

WHEREAS, INDUSTRIAL BANK, N.A., is a financing institution as described in the Assignment of Claims Act of 1940, as amended (31 U.S.C. § 3727, 41 U.S.C. §15); and

WHEREAS, the Contracts provide for payments to NEXGEN SOLUTIONS, INC. aggregating $1,000 or more; and

WHEREAS, the Contracts do not prohibit an assignment.

NOW, THEREFORE, NEXGEN SOLUTIONS, INC. ("Assignor"), in consideration of financial accommodations provided or to be provided and for other good and valuable consideration, the receipt of which is hereby acknowledged, and pursuant to the provisions of the Assignment of Claims Act of 1940, as amended, hereby assigns, transfers, conveys and sets over to INDUSTRIAL BANK, N.A. (the "Bank") all of the Assignor's right, title and interest in and to all money due or to become due to the Assignor from the United States of America or any agency or department thereof under the following Contracts:

| Contract Number | Date | Contracting Agency | Requisition/Project Number |
|---|---|---|---|
| SBAHQ-01-C-001 | October 19, 2000 | U.S. Small Business Administration | |
| SBAHQ-02-D-001 | September 30, 2002 | U.S. Small Business Administration | |

This Assignment also extends to and covers all monies due or to become due under the Settlement Agreement dated November 2004, as amended (the "Settlement Agreement"), between NEXGEN Solutions, Inc. and the U.S. Small Business Administration relating to claims arising out of or related to the Contracts.

The Assignor hereby authorizes the Bank either in the name of the Assignor or in the name of the Bank to collect and receive all monies which are due or to become due under the Contracts, and to receive and collect any such monies as fully and to the same extent as if such monies were its own funds and to apply such monies to any indebtedness of the Assignor to the Bank now existing or hereafter arising. The Assignor further authorizes the Bank either in the name of the Assignor or in the name of the Bank to prosecute any proceedings at law, in equity or otherwise for any monies which are due or to become due under the contracts described above, and to execute any agreements, release or other instruments which the Bank may from time to time hereafter deem necessary or convenient in its sole discretion in furtherance of or to effectuate the collection of any monies which are due or to become due under the Contracts.

#464890v.1

ALL-STATE LEGAL®

EXHIBIT
5

The Assignor represents and warrants to the Bank that: (i) the facts recited in this Assignment are true and correct; (ii) the Contracts are valid and binding on the parties thereto, and in full force and effect; (iii) the Assignor has made no previous assignment of the Contracts and knows of no fact or defense that will render the monies due or to become due uncollectible; and (iv) the execution and delivery of this Assignment does not violate and is not in conflict with the provisions of the Contracts.

IN WITNESS WHEREOF, the Assignor, intending to be legally bound, has executed this Assignment under seal by its duly authorized representative on this 15 day of MAY , 2005.

WITNESS/ATTEST:

ASSIGNOR:
NEXGEN SOLUTIONS, INC.

_____

By: _____ (SEAL)
Name: ~~Edward Howlette, Jr.~~
Title: President

### ACKNOWLEDGMENT

STATE OF MARYLAND ` ) to wit:
CITY/COUNTY OF Washington

On this 15th day of May , 2005, before me, a Notary Public, personally appeared Edward Howlette, Jr. who acknowledged himself to be the President of NEXGEN SOLUTIONS, INC., and that he, in such capacity, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing on behalf of NEXGEN SOLUTIONS, INC.

IN WITNESS MY Hand and Notarial Seal.

_____ [SEAL]
Notary Public

My Commission Expires: 05/28/2008

TARA CROOKS
Notary Public, State of Maryland
County of Washington
My Commission Expires May 28, 2008

## NOTICE OF ASSIGNMENT

(Name and Address of Contracting Agency)        (Name and Address of Contracting Officer)

U.S. Small Business Administration
Office of General Counsel
409 3rd Street, S.W., Suite 7200
Washington, D.C. 20416
Attn: David A. Fishman

**Contract Nos.**                **Contract Date**

SBAHQ-01-C-001                 October 19, 2000
SBAHQ-02-D-001                 September 30, 2002

NOTICE is hereby given that subject to the provisions of the Assignment of Claims Act of 1940, as amended, **NEXGEN SOLUTIONS, INC.** has assigned to **INDUSTRIAL BANK, N.A.,** 2002 11th Street, N.W., Washington, D.C. 20001 all of its right, title and interest in moneys due or to become due under the contracts described above, including all monies due or to become due under the Settlement Agreement dated November 2004, as amended (the "Settlement Agreement"), between NEXGEN Solutions, Inc. and the U.S. Small Business Administration relating to claims arising out of or related to the contracts described above.

Your are directed to make all payments on the contracts described above and the Settlement Agreement to Industrial Bank, N.A. 2002 11th Street, N.W., Washington, D.C. 20001, Attention: John Gamble.

A true copy of the instrument of assignment from Assignor to Assignee executed on May 15                , 2005, is attached hereto.

Please return to Assignee a copy of this notice duly signed by the Contracting Agency with appropriate notations showing the date and hour of receipt on behalf of the Contracting Agency.

Assignee:                       Assignor:
**INDUSTRIAL BANK, N.A.**       **NEXGEN SOLUTIONS, INC.**

By: _____ (SEAL)    By: _____ (SEAL)
Name: John Gamble               Name: Edward Howlette, Jr
Title: Vice President           Title: President

Address: 2002 11th Street, N.W.,    Address: 8630 Fenton Street, Suite 925
Washington, D.C. 20001              Silver Spring, MD  20910

#464874v.1

## NOTICE OF ASSIGNMENT

(Name and Address of Contracting Agency)        (Name and Address of Contracting Officer)

U.S. Small Business Administration
Office of General Counsel
409 3rd Street, S.W., Suite 7200
Washington, D.C. 20416
Attn: David A. Fishman

**Contract Nos.**                    **Contract Date**

SBAHQ-01-C-001                       October 19, 2000
SBAHQ-02-D-001                       September 30, 2002


NOTICE is hereby given that subject to the provisions of the Assignment of Claims Act of 1940, as amended, **NEXGEN SOLUTIONS, INC.** has assigned to **INDUSTRIAL BANK, N.A.,** 2002 11th Street, N.W., Washington, D.C. 20001 all of its right, title and interest in moneys due or to become due under the contracts described above, including all monies due or to become due under the Settlement Agreement dated November 2004, as amended (the "Settlement Agreement"), between NEXGEN Solutions, Inc. and the U.S. Small Business Administration relating to claims arising out of or related to the contracts described above.

Your are directed to make all payments on the contracts described above and the Settlement Agreement to Industrial Bank, N.A. 2002 11th Street, N.W., Washington, D.C. 20001, Attention: John Gamble.

A true copy of the instrument of assignment from Assignor to Assignee executed on May 15                , 2005, is attached hereto.

Please return to Assignee a copy of this notice duly signed by the Contracting Agency with appropriate notations showing the date and hour of receipt on behalf of the Contracting Agency.

Assignee:                            Assignor:
**INDUSTRIAL BANK, N.A.**            **NEXGEN SOLUTIONS, INC.**


By: _John M Gamble_ (SEAL)           By: _____ (SEAL)
Name: John Gamble                    Name: Edward Howlette, Jr
Title: Vice President                Title: President

Address: 2002 11th Street, N.W.,     Address: 8630 Fenton Street, Suite 925
Washington, D.C. 20001               Silver Spring, MD  20910

#464874v.1

ALL-STATE LEGAL®

EXHIBIT
6

F

☰ MERITAS LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

ROBERT A. GORDON
410.752.9749
rgordon@tydingslaw.com

July 13, 2005

**VIA FEDERAL EXPRESS**

U.S. Small Business Administration
Office of General Counsel
Department of Litigation and Claims
Attention: David A. Fishman
409 3rd Street, S.W., Suite 7200
Washington, DC 20416

> **Re:    Industrial Bank, N.A./Nexgen Solutions, Inc./Proceeds of the SBA Settlement**

Dear Mr. Fishman:

    With reference to the above, our office represents the Industrial Bank, N.A. (the "Bank"). As a part of a settlement with Nexgen Solutions, Inc., ("Nexgen"), the Bank recently entered into an Instrument of Assignment of Government Contracts (the "Assignment") which Assignment assigned to the Bank all of Nexgen's right, title and interest in monies due, or to become due, under the settlement agreement dated November 2004 as amended between Nexgen and the SBA (the "SBA Settlement"). My partner, Stephen Goldberg, has written you on two occasions in the past to (1) tender the Assignment and notice thereof, and (2) request acknowledgement of the U.S. Small Business Administration's (the "SBA") receipt of the same. However, to the best of my knowledge, no acknowledgement has yet been received.

    When you receive this letter, would you please confirm that the SBA has received the Assignment and that it will be honored when the SBA Settlement proceeds are disbursed.

#475378v.1

EXHIBIT

7

ALL-STATE LEGAL®

ATTORNEYS AT LAW

## TYDINGS & ROSENBERG LLP

Attention: David A. Fishman
July 13, 2005
Page 2

       Moreover, we understand that the actual disbursal of the final settlement payment has been delayed well beyond the projected payment date. Would you please give me a call when you receive this letter to explain the status of the anticipated payment? Thank you. I am,

Very truly yours,

Robert A. Gordon

cc:    John Gamble (via facsimile)
       Stephen M. Goldberg, Esquire

Enclosure

#475378v.1

F

ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

III MERITAS LAW FIRMS WORLDWIDE

100 EAST PRATT STREET
26TH FLOOR
BALTIMORE MARYLAND 21202
410.752.9700
FAX 410.727.5460

WASHINGTON DC OFFICE
202.296.1642
FAX 202.828.4130

www.tydingslaw.com

**ROBERT A. GORDON**
410.752.9749
rgordon@tydingslaw.com

January 18, 2006

**VIA ELECTRONIC TRANSMISSION
AND REGULAR MAIL**

U.S. Small Business Administration
Office of General Counsel
Department of Litigation and Claims
Attention: David A. Fishman
409 3rd Street, S.W., Suite 7200
Washington, DC 20416

> Re: **Industrial Bank, N.A./Nexgen Solutions, Inc./Proceeds of the SBA Settlement**

Dear Mr. Fishman:

With reference to the above, I write to you with regards to our telephone discussions held over the last few weeks. At the outset, I take this opportunity to provide you with some background regarding the Industrial Bank, N.A.'s (the "Bank") relationship with Nexgen Solutions, Inc. ("Nexgen") and Ed Howlette. By virtue of pre-existing security agreements and subsequent forbearance agreements, the Bank has long been Nexgen's primary secured creditor. The Bank's lien and security interest extends to all assets of Nexgen including all of the settlement proceeds being administered by you on behalf of the Small Business Administration (the "SBA").

We understand that an initial, large distribution was made by the SBA to Nexgen over one year ago. The only reason the Bank's debt was not paid in full at that time was because Mr. Howlette purposefully did not tell the Bank about either the settlement or the distribution. When we discovered the settlement, we compelled him and Nexgen to make a substantial payment against the total indebtedness due and to execute the Instrument of Assignment of Government Contracts (the "Assignment") that we forwarded to you previously. The Assignment was obtained to insure the remaining settlement payments would not be diverted away from the Bank.

#498035v.1

EXHIBIT
8

ALL-STATE LEGAL®

ATTORNEYS AT LAW

TYDINGS & ROSENBERG LLP
Attention: David A. Fishman
January 18, 2006
Page 2

Accordingly, it is the Bank's position that all of the settlement proceeds are subject to its lien and security interest and that none of the money should have been paid (or should be paid) to anyone before the Bank is paid in full.  However, as you know we so far have done nothing to disrupt the SBA's distribution of the settlement proceeds to individual claimants.  The Bank was willing to allow these payments not because we believed they were proper but only to avoid unnecessary litigation costs.  Based upon the approximate figures you gave me it appeared reasonable to expect there would be more than enough money available to pay the Bank in full after all of the individual claimants were paid.

We were told many months ago that all individual claimants had been contacted (or given reasonable notice) and that a substantial number of them had actually submitted claims.  We were also told that those payments were being processed and would soon be completed.

On the basis of all the foregoing, I thought it reasonable to expect that the Bank would be paid before the end of 2005.  Although you told me before the holidays that the Bank would not be paid before the close of 2005, we agreed (conditioned upon official SBA approval) that the process for paying the Bank a substantial portion of its indebtedness could begin.  As I understood it, after all payments to individual claimants had been made, the remaining balance due the Bank would then be paid.  At no time have we ever believed that full payment of the Bank's debt could be in jeopardy.

However, you have now notified me that not only will the SBA not immediately pay a substantial portion of the Bank's claim but instead it intends to conduct yet another round of direct notification to potential claimants.  The Bank does not agree this is a reasonable way to proceed; however, we have agreed to accept a $50,000 partial payment to forbear from taking any immediate action against the SBA while that process unfolds. It is my understanding that you are now processing the $50,000 payment for electronic disbursement to the Bank.  While the Bank is willing to wait for a reasonable period of time for its final payment, for all the reasons set forth above, I am compelled to notify you of the following.

The total sum due and owing the Bank at this time is $189,066.81 consisting of $120,423.03 in principal, $6,020.31 in interest, $13,086.61 in late charges and $49,536.86 in attorney's fees and costs.  Interest at the *per diem* rate of 5.75% continues to accrue against the indebtedness resulting in total daily interest of $19.23.  The Bank does **not** consent to the payment to anyone of any sums that would cause there to be insufficient funds remaining to pay the Bank in full.  The Bank waives no rights with regards to any such action and expressly reserves all rights with respect to the same.  If it

#498035v.1

ATTORNEYS AT LAW

TYDINGS & ROSENBERG LLP
Attention: David A. Fishman
January 18, 2006
Page 3

appears that the Bank's right to full payment will be infringed upon by any contemplated action of the SBA, then the SBA must give the Bank advance notice of said action.

Furthermore, the Bank has decided that it has been patient enough under the circumstances and can no longer wait for this process to unfold on its own. Therefore, the Bank will agree to give the SBA ninety (90) days from the date of this letter to complete the settlement distribution process. If the Bank does not receive final payment in full by the end of that time period, then the Bank will have no choice but to seek the aid of the judicial system to enforce its rights and collect the balance due.

Please do not hesitate to call or write if you have any questions. Thank you. I am,

Very truly yours,

Robert A. Gordon

cc:    John Gamble (via facsimile)

#498035v.1