# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INDUSTRIAL BANK, N.A., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1431(RMC) |
| | ) | |
| U.S. SMALL BUSINESS ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR BREACH OF SETTLEMENT AGREEMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant, the United States Small Business Administration, moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Defendant additionally submits its opposition to Plaintiff's motion for a preliminary and permanent injunction and requests that the motion be denied.

A *Memorandum of Points and Authorities* in support of Defendant's motion and opposition, and a proposed order are attached hereto.

Date: September 15, 2006          Respectfully Submitted,


/s/ Kenneth L. Wainstein /dvh
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
  Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INDUSTRIAL BANK, N.A., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1431(RMC) |
| | ) | |
| U.S. SMALL BUSINESS ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT FOR
BREACH OF SETTLEMENT AGREEMENT AND OPPOSITION TO
PLAINTIFF'S MOTION FOR A PRELIMINARY AND PERMANENT INJUNCTION**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant United

States Small Business Administration ("SBA"), by and through its undersigned counsel, moves

to dismiss the above-captioned complaint because the claims, as alleged and formulated by

Plaintiff therein, involve an alleged breach of a settlement agreement, and this Court lacks

jurisdiction to review such a claim.

Defendant herein additionally opposes any imposition of an injunction on similar

grounds, i.e., the Court lacks jurisdiction to review Plaintiff's claim.  Alternatively, if the Court

finds that it does have jurisdiction over this case, Defendant submits that Plaintiff is not entitled

to an injunction for failure to meet the legal standard for obtaining such extraordinary relief.

**BACKGROUND**

Plaintiff Industrial Bank alleges that, on or about September 9, 1996, it extended "to

Nexgen a United States Small Business Administration loan in the total principal amount of

$125,000."  Pl.'s Compl. ¶ 6.  Edward L. Howlette, Jr., President of Nexgen, personally

guaranteed the loan.  Id. ¶¶ 3 and 6.  The loan itself was secured by a blanket lien on Nexgen's assets including accounts receivable and contract rights.  Id. ¶ 9.  On or around May 31, 1997, Nexgen and Howlette borrowed an additional $250,000 from Plaintiff.  Id. ¶ 10.  This loan was also secured by a blanket lien on Nexgen's assets.  Id. ¶ 11.  Plaintiff later agreed to advance additional funds to Nexgen and Howlette under a line of credit arrangement such that the balance of their indebtedness under the second Note capped at $330,000.  Id. ¶ 14.  Nexgen and Howlette subsequently defaulted on the two loans.  Id. ¶ 15.  Plaintiff then received a judgment by confession against Nexgen from the Circuit Court for Montgomery County, Maryland, and Plaintiff and Nexgen entered into forebearance agreements pursuant to which Nexgen agreed to pay amounts owed Plaintiff.  Id. ¶¶ 17-18.  Nexgen, however, was unable to make such payments but suggested that the debt would be paid through proceeds from a contract between Nexgen and the SBA.  Id. ¶ 19.

On or before December 2003, Plaintiff apparently learned that the SBA had terminated its contract with Nexgen for convenience.  Id. ¶ 21.  Nexgen and the SBA subsequently executed a settlement agreement in which the SBA agreed to pay any amounts remaining from $600,000 after the SBA paid small businesses with legitimate claims as a result of their involvement in Nexgen's small business exchange program with the SBA.  Id. ¶ 22.  On or about May 15, 2005, Nexgen assigned its interest in the settlement agreement to Plaintiff.  Id. ¶ 26.  On or about July 13, 2005, Plaintiff sent a copy of the Assignment and Notice of Assignment to the SBA and requested a date upon which the SBA anticipated making payment.  Id. ¶ 26.  On or about March 24, 2006, the SBA apparently made a payment to Plaintiff in the amount of $50,000 but,

according to Plaintiff, has refused to distribute the remaining proceeds due to Plaintiff.  Id. ¶¶ 30 and 31.

On or about August 11, 2006, the Internal Revenue Service advised the SBA of a tax levy against Nexgen in the amount of $1,050, 236.35.  Ex. 1, Notice of Levy.  The levy directed the SBA to turn over Nexgen's property and rights to property including money and credits held by the SBA, or that which the SBA had already obligated to Nexgen.  Id.

On August 14, 2006, Plaintiff filed a complaint and motion for a temporary restraining order and preliminary injunction against the SBA to turn over funds owed under the settlement agreement between the SBA and Nexgen and which had been assigned to Plaintiff.   In its complaint, Plaintiff requests that this Court enter a preliminary and permanent injunction prohibiting the SBA from making payments to any persons other than Plaintiff as to the remaining settlement proceeds, and an "affirmative injunction" directing the SBA to "release all remaining settlement proceeds" to Plaintiff.  Pl.'s Compl. ¶¶  45 and 56.

## ARGUMENT

I.    **Dismissal of this Case is Warranted on Jurisdictional Grounds.**

a.    **Standard of Review for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)**

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987).  Specifically, "subject matter jurisdiction deals with the power of the court to hear [a] plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their

3

jurisdictional power." 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, or lack thereof, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.

**b.     Insufficiency of 28 U.S.C. § 1331 for Purposes of Establishing Jurisdiction Over the SBA**

It is a well-settled principle of constitutional law that federal courts are courts of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). They may exercise only as much jurisdiction as is granted to them under the Constitution and by Congress. Id. The plaintiff bears the burden of establishing the federal jurisdiction upon which his suit relies. Id.

In this suit, Plaintiff identifies only one statutory provision, i.e., 28 U.S.C. § 1331, for purposes of establishing this Court's jurisdiction over its claim. While it is certainly true that district courts have original jurisdiction over all civil actions arising under federal law pursuant to 28 U.S.C. § 1331, it is also true that, when a plaintiff sues the federal government, jurisdiction additionally depends upon a waiver of sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475 (1994) (holding that scope of sovereign immunity limits court's jurisdiction); United States v. Mitchell, 463 U.S. 206, 212 (1983) (the United States' consent to be sued is a prerequisite for

jurisdiction); First Va. Bank v. Randolph, 110 F.3d 75, 77 (D.C. Cir. 1997).  That is, the United States, as a sovereign, is "immune from suit save as it consents to be sued. . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. . ." U.S. v. Sherwood, 312 U.S. 584, 769 (1941).

Indeed, the "grant of a right of action [against the United States] must be made with *specificity*[,]" U.S. v. Testan, 424 U.S. 392, 400 (1976)(emphasis added).  Stated another way, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).  In fact, "[s]overeign immunity operates as a bar to federal [court] jurisdiction even when no other forum is available for resolution of the claims at issue." Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 862 F.Supp. 995, 1001 - 1002 (W.D.N.Y.,1994), citing Fluent v. Salamanca Indian Lease Authority, 928 F.2d 542, 547 (2d Cir. 1991), cert. denied, 502 U.S. 818 (1991).

Accordingly, while 28 U.S.C. § 1331 certainly prescribes the subject matter jurisdiction of the federal courts arising under federal law, such jurisdiction by itself does not constitute a waiver of sovereign immunity.  Swan v. Clinton, 100 F.3d 973, 981 (D.C. Cir. 1996)(28 U.S.C. § 1331 does not constitute a waiver of sovereign immunity); Kaufman v. Gonzales, Civil Action No. 05-1631(RWR), 2006 WL 1725579, *4 (D.D.C. June 20, 2006); Navy, Marshall & Gordon, P.C. v. United States Int'l Development-Cooperation Agency, 557 F.Supp. 484, 488 (D.D.C. 1983).

Thus, Plaintiff, in its complaint, had to do more than point to the statutory provision governing the district court's original jurisdiction over federal and constitutional claims (i.e., 28 U.S.C. § 1331), but was also required to identify an appropriate statutory provision pursuant to

which the United States has expressly waived its immunity to suit for its alleged claim.  Because

Plaintiff has not identified a federal law for purposes of judicial review under 28 U.S.C. § 1331,

this suit should be dismissed for lack of subject matter jurisdiction.

      **c.**      **Court's Lack of Jurisdiction Under the Tucker Act**

      Plaintiff alleges that the SBA has materially breached the settlement agreement which it

has with Nexgen, the rights of which were purportedly assigned to Plaintiff, by refusing to make

final disbursement of the remaining settlement proceeds to Plaintiff.  See, e.g. Pl.'s Compl. ¶¶

33-38.  Plaintiff alleges that it is owed an amount well in excess of $10,000.  Pl.'s Compl., Ex. 8,

Letter from Robert A. Gordon to U.S. Small Business Administration, January 18, 2006.  Given

the nature of its claim, Plaintiff is in the wrong court, and on this basis, its suit should be

dismissed.

      The Tucker Act, 28 U.S.C. § 1491(a), grants the United States Court of Federal Claims

exclusive jurisdiction over "any claim against the United States founded," inter alia, "upon any

express or implied contract with the United States," where the claim exceeds $10,000 in amount.

28 U.S.C. §§ 1491(a)(1), 1346(a)(2).   Appeals from the Court of Federal Claims are heard

exclusively by the Federal Circuit. See 28 U.S.C. § 1295(a)(3). Congress intended, by granting

original jurisdiction over contract claims against the government to the Court of Federal Claims

and appellate jurisdiction to the Federal Circuit, to confine cases where government funds are at

stake to one judicial body with particular expertise. See United States v. Hohri, 482 U.S. 64, 71

(1987) ("A motivating concern of Congress in creating the Federal Circuit was the 'special need

for nationwide uniformity' in certain areas of the law."); Kidwell v. Dep't of the Army, 56 F.3d

279, 284 (D.C. Cir. 1995) (finding that a "primary purpose" of the Tucker Act is "to ensure that a

6

central judicial body adjudicates most claims against the United States Treasury");

Ingersoll-Rand Co. v. United States, 780 F.2d 74, 78 (D.C. Cir. 1985) (noting "congressional

intent to provide a single, uniquely qualified forum for the resolution of contractual disputes").

      Courts have consistently held that settlement agreements are contracts, and as such, fall

within the Court of Federal Claims' exclusive Tucker Act jurisdiction (if the claims are in excess

of $10,000). See, e.g. United States v. ITT Cont'l Banking Co., 420 U.S. 223, 238 (1975) (stating

that settlement agreements are "to be construed for enforcement purposes basically as a

contract"); Hansson v. Norton, 411 F.3d 231, 232 (D.C. Cir. 2005); Shaffer v. Veneman, 325

F.3d 370, 372 (D.C. Cir. 2003); Village of Kaktovik v. Watt, 689 F.2d 222, 232 n.76 (D.C. Cir.

1982) ("We see no justification for a different interpretation of the Tucker Act for contracts

which settle money claims against the United States."); Kasarsky v. Merit Sys. Prot. Bd., 296

F.3d 1331, 1336 (Fed. Cir. 2002) (asserting that a settlement agreement is a contract);

Presidential Gardens Assocs. v. United States, 175 F.3d 132, 141-42 (2d Cir. 1999) (finding that

suit over settlement agreement should be resolved in Court of Federal Claims).  Thus, a suit for

breach of a settlement agreement, such as is asserted here (Pl.'s Compl. ¶¶ 33-38, 44, 55)

constitutes, within the meaning of the Tucker Act, a claim "founded" upon a contract. See

Village of Kaktovik, 689 F.2d at 231 n.76 (noting that if the plaintiffs' settlement agreement had

not been mutually rescinded so that their claim to enforce the agreement could be heard on its

merits, only the Court of Federal Claims would have had jurisdiction under the Tucker Act);

Davis v. Veneman, Civil Action No. 03-2309(RWR), 2006 WL 2024981, *3 (D.D.C. July 17,

2006).  Accordingly, to the extent any court has jurisdiction over Plaintiff's claims, it would be

the Court of Federal Claims and not this Court.  See, e.g. Erickson Air Crane Co. of Washington,

Inc. v. United States, 731 F2d. 810, 813 (Fed. Cir. 1984) (the government's consents to be sued in contract applies only to those with whom it has privity of contract); see also 41 U.S.C. § 601 et seq.

## II.    To the Extent that the Court Concludes that It Has Jurisdiction to Review this Matter, Plaintiff's Motion for a Preliminary and Permanent Injunction Should Be Denied.

The grant of a preliminary injunction is a drastic and unusual judicial measure.  Marine Transp. Lines, Inc. v. Lehman, 623 F. Supp. 330, 334 (D.D.C. 1985).  It is an extraordinary remedy and, as such, must be granted sparingly.  Role Models America, Inc. v. White, 193 F.Supp.2d 76, 80 (D.D.C. 2002); Varicon Int'l v. Office of Personnel Management, 934 F.Supp. 440 (D.D.C. 1996).  Indeed, "a court should not grant injunctive relief absent a clear and convincing showing by the moving party."  Role Models America, Inc., 193 F.Supp.2d at 80.  Issuance of a preliminary injunction is appropriate only if the movant clearly demonstrates that:

> (1) it has a substantial likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) other interested parties will not suffer substantial harm if the injunction is granted; and (4) the public interest will be furthered by the injunction.

Role Models America, Inc., 193 F.Supp.2d at 80; Sea Containers, Ltd. v. Stena AB, 890 F.2d 1205, 1208 (D.C.Cir. 1989); see also Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n, 259 F.2d 921, 925 (D.C.Cir. 1958).  The Court should balance the strengths of the requesting party's arguments in each of these required areas. Role Models America, Inc., 193 F.Supp.2d at 80; CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C.Cir. 1995).  With respect to a government contract, "the award of [a preliminary injunction] is not a matter of right,

even though the petitioner claims and may incur irreparable injury." Marine Transport, 623 F.

Supp. at 334-35.

      To the extent that Plaintiff's complaint survives the considerable jurisdictional hurdles

noted supra, and thus, is considered on the merits by this Court, the requested relief of a

preliminary injunction should nevertheless be denied.   First, Plaintiff cannot demonstrate a

likelihood of success on the merits.   As an initial matter, Plaintiff has failed to establish that it

has any rights to the funds by, for example, evidencing any privity of contract between it and the

SBA.   To sustain a claim against the federal government which is essentially rooted in a contract,

there must be "privity of contract", i.e., a direct legal relationship between the contracting parties.

 See, e.g. Korea Development Corp. v. United States, 9 Cl.Ct. 167 (Cl. Ct. 1985); George Hyman

Construction Co. v. United States, 30 Fed. Cl. 170, 173, aff'd, 39 F.3d 1197 (Fed. Cir.

1994)(Fed. Cl. 1993); Etchey v. United States, 15 Cl. Ct. 152 (Cl. Ct. 1988).

      Additionally, both Plaintiff and the IRS have asserted claims to the Nexgen/SBA

settlement agreement funds.    Plaintiff has failed to establish that any rights it has to those funds

clearly supersedes those of the IRS, and indeed, has failed to join the IRS as an indispensable

party pursuant to Fed. R. Civ. P. 19(a).  In the absence of the former, the latter is critical because,

even assuming the Court has jurisdiction and decides in Plaintiff's favor, absent joinder of the

IRS as a party, such a determination could leave Defendant with multiple or inconsistent

obligations due to the possibility that the IRS might continue to assert an interest over the

disputed funds.  See, e.g. Doby v. Safeway Stores, Inc., 505 F.Supp. 534 (D.D.C. 1981).  Given

the interests asserted by both the Plaintiff and the IRS over the funds at issue, Plaintiff cannot

demonstrate a substantial likelihood on the merits.

      Second, Plaintiff's argument of irreparable harm based exclusively on its monetary

interest is unpersuasive for purposes of obtaining the extraordinary relief requested.  See Role

Models America, Inc., 193 F.Supp. at 86 ("[E]conomic loss does not, in and of itself, constitute irreparable harm."); Bannum, Inc. v. District of Columbia, 433 F.Supp.2d 1, 4 (D.D.C. 2006). Further, Plaintiff Industrial Bank has not demonstrated that its very survival is dependent upon obtaining the monetary relief requested, one of the limited means by which a party may demonstrate irreparable harm based on economic loss for purposes of obtaining a preliminary injunction. Id.  Third, Defendant could be harmed if the preliminary injunction is granted particularly if left with the possibility of two conflicting claims to the same funds.  Finally, contrary to Plaintiff's argument, the public interest would actually be best served by denying the requested injunction.  Requiring a party to follow well-established laws on jurisdiction would evidently better serve the public interest than granting the relief requested by Plaintiff in contravention of those laws.[1]

## CONCLUSION

For reasons stated herein, Plaintiff's motion for a preliminary and permanent injunction should be denied, and its complaint dismissed with prejudice.

Date: September 15, 2006              Respectfully Submitted,


                                     /s/ Kenneth L. Wainstein /dvh
                                     _____
                                     KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                     United States Attorney

---

[1]Of course, Plaintiff's motion for a permanent injunction should be denied as well.  While the purpose of a preliminary injunction is to preserve the parties' position prior to a trial on the merits, a permanent injunction is only appropriate after a party, in fact, prevails on the merits. International Association of Machinists and Aerospace Workers v. National Mediation Board, 374 F.Supp.2d 135, 137 (D.D.C. 2005).  Here, Plaintiff does not even meet the threshold requirement for a preliminary injunction.

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Motion to Dismiss***

***Plaintiff's Verified Complaint for Breach of Settlement and Opposition to Plaintiff's Motion***

***for a Preliminary and Permanent Injunction*** was served by the Court's Electronic Case Filing

System to:

Alan M. Grochal, Esq.
Toyja E. Kelley, Esq.
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

on this <u>15th</u> day of September, 2006.

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL
Assistant United States Attorney