IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INDUSTRIAL BANK, N.A.** | * |
| **Plaintiff** | * |
| v. | *   Civil Action No. 06-CV-1431  RMC |
| **SMALL BUSINESS ADMINISTRATION** | * |
| **Defendant** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION
TO MOTION FOR PRELIMINARY INJUNCTION AND
MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

Plaintiff Industrial Bank, N.A. ("Bank"), by undersigned counsel, hereby files this response to defendant Small Business Administration's ("SBA") Opposition to Motion for Preliminary Injunction and Motion to Dismiss Verified Complaint ("Opposition"), and states as follows:

**Introduction and Factual Background**

The Bank seeks damages and injunctive relief for SBA's breach of a settlement agreement (the "Settlement Agreement") arising out of two separate government contracts (SBAHQ-01-C001 and SBAHQ-02-D-001) (the "Contracts") it entered into with NEXGEN Solutions, Inc. ("Nexgen"). The Bank, by virtue of preexisting security agreements and subsequent forbearance agreements, has long been Nexgen's primary secured creditor. As a part of one of the forbearance agreements, Nexgen executed an assignment of all of its right, title, and interest in monies due under the Contracts, including all proceeds from the Settlement Agreement. Despite having received notice of Nexgen's assignment of its rights to the Settlement Agreement from the Bank and having informed the Bank that all small business

#558615v.1

claimants have been notified and paid according to the Settlement Agreement, the SBA has refused to release the remaining funds to the Bank.

Unless the SBA is enjoined, the Bank will suffer immediate and irreparable harm. As a result, a temporary restraining order and/or preliminary injunction should be issued to prohibit the SBA from (i) conducting an additional round of direct notification to potential small business claimants, and (ii) making any additional payments to any persons other than the Bank in breach of the terms of its Settlement Agreement with Nexgen.

In response to the Bank's motion for temporary and permanent injunctive relief, the SBA filed an Opposition in which it erroneously argues that this Court lacks subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1). In addition, the SBA makes conclusory arguments that the Bank cannot demonstrate a likelihood of success on the merits, failed to join the IRS, an allegedly indispensable party, and would not suffer irreparable harm. For the reasons set forth below and in the Bank's motion for temporary restraining order, this should grant the Bank's request for injunctive relief and deny the SBA's motion to dismiss.

## Argument

**I.    The Bank's Claims May Be Brought Against the SBA In Any Federal District Court**

The SBA's threshold argument that this Court lacks subject matter jurisdiction is wholly without merit. Congress has expressly waived the SBA's sovereign immunity protection and the Bank's claims may be pursued in this Court. Specifically, 15 U.S.C. § 634(b)(1) provides, in pertinent part, that the SBA may "sue and be sued in any court of record of a State having general jurisdiction, or **in any United States district court**, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy." (emphasis added). Furthermore, federal courts have long confirmed that the general

jurisdictional rule of 28 U.S.C. § 1491(a) gives way to the specific rule provided by Congress in § 634. *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1634 (9th Cir. 1981); *see also Selected Risks Ins. Co. v. Kobelinski*, 421 F. Supp. 431, 434 (E.D. Pa. 1976) (affirming the same); *Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975) (same). Thus, the SBA's "sue and be sued" provision vests jurisdiction in this Court over the Bank's claims against the SBA.

## II.  The Bank Is Entitled to a Preliminary Injunction

### A.  The Bank Will Likely Succeed On The Merits

The Bank's prospects for success in this action are very strong. The Settlement Agreement executed by the SBA and Nexgen clearly and unambiguously provides that any part of the $600,000 settlement fund not distributed during the claims period was to be paid to Nexgen. Nexgen properly assigned its interest in these proceeds to the Bank. It is dubious that the SBA would now contend that the Bank would not likely succeed on the merits when the SBA has already made a payment to the Bank on or about March 24, 2006, in the amount of $50,000.00. *See* Affidavit of John Gamble In Support of Motion for Temporary Restraining Order at ¶ 24. Furthermore, the SBA's reliance on cases that hold that there must be "privity of contract" to maintain contract actions against the federal government is misplaced. Those case deal with claims brought pursuant to the Tucker Act, which, as demonstrated above, is not applicable in the instant case.

### B.  The Bank Has Not Failed to Join An Indispensable Party -- the IRS

The Bank does not deem the IRS to be an indispensable party to this litigation. Indeed, the Bank attached to its Verified Complaint documentation that supports its claim to a superior blanket lien on all of Nexgen's assets, including the proceeds from its settlement agreement with the SBA. Moreover, a properly perfected lien defeats any a later-arising or later-filed federal tax

lien. *United States v. Pioneer American Ins. Co.*, 374 U.S. 84, 88 (1963). The only evidence that the IRS has any interest in this case is the notice of levy the SBA attached to its Opposition. In other words, neither the SBA or the IRS have presented the Bank with evidence of a notice of a federal tax lien that was perfected prior to the Bank's blanket lien. Thus, the IRS is not an indispensable party and its absence does not preclude this Court from granting the Bank's requested relief.

        C.       <u>The Bank Will Suffer Irreparable Harm If Temporary Injunctive Relief Is Denied</u>

It cannot be disputed that the funds available to the SBA to meet its obligations pursuant to the Settlement Agreement are limited. The Settlement Agreement originally called for the SBA to set aside $600,000.00 to pay Nexgen and other small business claimants, but now less than half of that amount remains available to satisfy the Bank's interests. Given the limited funds, it is clear the Bank will experience irreparable harm if its motion for a temporary restraining order is not granted.

## **Conclusion**

For the reasons set forth herein and in the Bank's motion for temporary restraining order, the Bank has sufficiently established each of the required elements for the issuance of a temporary restraining order. This Court should deny the SBA's motion to dismiss, grant the Bank's motion for temporary restraining order and preliminary and permanent injunction, and enter an order which prohibits the SBA from (i) conducting an additional round of direct notification to potential small business claimants, and (ii) making additional payments to any persons other than the Bank in breach of its Settlement Agreement with Nexgen.

DATED:  October 20, 2006                     /s/
                                            Alan M. Grochal, D.C. Bar No. 315218
                                            Toyja E. Kelley, D.C. Bar No. 482977
                                           **TYDINGS & ROSENBERG LLP**
                                            100 East Pratt Street
                                            26th Floor
                                            Baltimore, Maryland  21202
                                            (410) 752-9700

                                            **Attorneys for Plaintiff**
                                            **Industrial Bank, N.A.**

## CERTFICATE OF SERVICE

    I HEREBY CERTIFY that on this 20th day of October 2006, a copy of the foregoing Response to Opposition to Motion for Preliminary Injunction and Opposition to Motion to Dismiss Verified Complaint was served electronically via ECF/CM, on:

Beverly M. Russell
Assistant U.S. Attorney
U.S Attorney's Office for the District of Columbia,
Civil Division
555 Fourth Street, N.W., Rm. E-4915
Washington, D.C.  20530
202-307-0492

**Attorneys for Defendant**

                                            /s/
                                            Toyja E. Kelley